PORFILIO, Senior Circuit Judge,
dissent.
I dissent for two reasons. First, I believe the court has lost sight of the nature of this case. In an attempt to ferret out the constitutionality of the menu policies of the Bureau of Prisons, this disposition ignores, I believe, the absence from this case of either the Bureau of Prisons or any official responsible for those policies. Second, because this action is merely one for damages in which the liability of four individuals employed at FCI-Florence is the only issue, the disposition fails to take their immunity into account.
Because the BOP was dismissed from this case, I believe the constitutionality of its regulations is not a question before us. In my opinion, therefore, the Turner inquiry ordered here is inapposite. This case is simply about the action of four discrete individuals and their individual liability, not the regulations and policy of the BOP.
Moreover, a finding that the BOP policy in question is in violation of the Constitution could not resolve this case. Because the case is postured only as a claim of damages from the named defendants, their immunity would foreclose judgment for the plaintiff. Oddly enough, a finding that the menu policy is constitutionally supportable would not be dispositive either. There would remain unresolved the plaintiffs claim the defendants are hable because they refused to take what he contends are discretionary actions allowed under the BOP policy.
Finally, I submit we have no indication in the record that the policy in issue is viable. Indeed, having long ago been transferred from FCI-Florence,' Mr. Patel has submitted to us information purporting to show he was able to obtain an acceptable menu from another federal penal institution. Thus, I seriously question whether the constitutional issue is not moot. I am concerned also that the remand would result in a needless waste of precious judicial resources.
Further, I agree with the district court that the defendants are at least qualifiedly immune from suit in this case. Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001) reminds us unless it would be clear to a reasonable official in *653 the circumstances of the case that his actions were unlawful, immunity should be granted. The Court emphasized this result obtains even if the official’s actions could be considered unconstitutional, 121 S.Ct. at 2158. In this case, the district court properly noted the defendants were “following orders” by enforcing the policy they believed required by the BOP.
Thus, the immunity paradigm requires that we ask, “Was it clear at the time the defendants acted that what they did violated the law?” Because this court itself is not presently prepared to answer that question, I find it difficult to fathom how the defendants could be held to a higher standard of knowledge.